UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7162-VBF  (MLG) | Date | November 30, 2010 |
|---|---|---|---|
| Title | Jeremy Peterson v. Raul Lopez, Warden | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   In Chambers: Order to File Reply; Order to Show Cause Why Petition Should Not Be Dismissed

   On October 19, 2010, Petitioner filed a first amended petition for writ of habeas corpus and a motion to stay proceedings. On November 24, 2010, Respondent filed an opposition to the motion to stay proceedings, stating that none of the claims raised in the petition have been exhausted and therefore, a stay is not warranted and the petition should be dismissed without prejudice.

   Under certain circumstances, the Court may stay an unexhausted petition and hold it in abeyance pending completion of proceedings in the state courts. *Rhines v. Weber,* 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). The Supreme Court has limited the availability of this procedure, finding "stay-and-abey" appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and holding that it should not be employed "when his unexhausted claims are plainly meritless." *Rhines,* 544 U.S. at 277.

   However, in *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006), decided after *Rhines,* the Ninth Circuit expressly declined to extend the rule in *Rhines* to petitions containing only unexhausted claims. *Id*. "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." *Rasberry,* 448 F.3d at 1154.

   On or before December 20, 2010, Petitioner shall file a reply to the opposition addressing the issue of whether any of the claims in the current petition have been exhausted. Petitioner shall also show cause why this petition should not be dismissed without prejudice for failure to exhaust any of the claims presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Failure to comply with this order shall result in the dismissal of the petition without prejudice. In the alternative, Petitioner may voluntarily dismiss the petition pending resolution of his pending habeas corpus petition in the California Supreme Court.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Clerk | ts |  |